FILED
IN OPEN COURT

OCT 19 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:16cr135** |
| | ) | |
| **DYTANIA COLLINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### STATEMENT OF FACTS

By signing below, the parties and their respective counsel agree that the allegations in the Criminal Information are true and that if this case had gone to trial, the government would have established the following facts beyond a reasonable doubt:

1. DYTANIA COLLINS was employed by A Plus Tax Service, LLC ("A Plus Tax Service" or "A Plus") as a professional tax return preparer. She worked for A Plus Tax Service on a seasonal basis during the approximate time periods of January 2012 through April 2012 and January 2013 through April 2013. During this time, A Plus Tax Service had two separate locations: 340 Lakeside Street, Suffolk, VA 23434; and 2601 Airline Blvd., Portsmouth, VA 23701. COLLINS worked at both locations in 2012, and primarily at the Suffolk location during 2013.

2. While employed at A Plus Tax Service, COLLINS worked as tax return preparer and did not provide any other services. COLLINS prepared federal income tax returns for individuals and sole proprietors. A Plus Tax Service paid COLLINS approximately $50 for each return she prepared. A Plus Tax Service did not have a set fee schedule, but tended to charge its clients based on the number of supporting documents created for the return.

1

3. Client tax information, such as Forms W-2, receipts and other documentation was dropped off at A Plus Tax Service or the client sat down to discuss their tax information with a preparer. COLLINS primarily met with clients in person to prepare their returns.

4. During her employment at A Plus, COLLINS made false claims in client tax returns that resulted in higher refunds for the clients. The clients did not direct COLLINS to make false claims in their returns. In every instance of her preparation or assistance with the preparation of false tax returns, COLLINS knew that her actions were in violation of federal law.

5. It was not a normal practice for COLLINS to review the accuracy of the return with the client. Once the tax return was completed, COLLINS would inform the client how much of a refund to expect.

6. COLLINS used one or more methods to produce higher refunds for the clients. In a number of cases, COLLINS prepared and filed IRS forms that she knew were not applicable to the client. For example, self-employment income, which was reported on a Schedule C form, was claimed in amounts that would both reduce the client's tax liability and/or maximize the Earned Income Tax Credit. On some returns, COLLINS would falsely report expenses or charitable contributions. In other instances, COLLINS would claim education credits, when, in fact, the client did not qualify for it. COLLINS would also falsely claim exemptions for the care of dependents, such as minor children.

7. On or about February 27, 2012, in Portsmouth, Virginia, COLLINS falsely prepared and filed a tax return for tax year 2011 stating that the client-taxpayer A.A. had self-employment income. For that tax return, COLLINS prepared a Schedule C that represented that A.A. had self-employment income of $6,640. In fact, A.A. never told COLLINS that he/she was self-employed, nor did he/she instruct COLLINS to make that representation. By falsely claiming



that A.A. had self-employment income, COLLINS inflated the amount A.A. could receive under the Earned Income Tax Credit, thereby increasing A.A.'s tax refund. COLLINS also falsely claimed that A.A. had expenses in the amount of $2,000 that related to a qualifying education program under the American Opportunity Credit (AOC). In fact, A.A. could not legitimately claim any education expenses. COLLINS added these expenses without A.A.'s knowledge.

8. On or about February 25, 2013, COLLINS falsely prepared and filed a tax return for tax year 2012 by claiming that client-taxpayer A.A. was entitled to exemptions due to expenses related to the care of two minors. These two exemptions, each for $3,800, lowered A.A.'s tax liability and resulted in a higher refund.

9. On or about January 28, 2012, COLLINS falsely prepared and filed a tax return for tax year 2011 by claiming that client-taxpayer B.B. had qualifying expenses relating to the AOC education credit in the amount of $4,000. She also falsely claimed total charitable contributions in the amount of $5,183, medical expenses in the amount of $5,469, and job-related expenses in the amount of $5,792, on B.B.'s tax return. B.B. did not provide these amounts verbally nor did he/she submit supporting documentation to COLLINS.

10. Similarly, on or about February 5, 2013, for tax year 2012, COLLINS falsely claimed total charitable contributions in the amount of $13,868 and medical expenses in the amount of $4,254 on B.B.'s tax return. B.B. did not provide these amounts verbally nor did he/she submit supporting documentation to COLLINS.

11. On or about February 28, 2013, COLLINS falsely prepared and filed a tax return for tax year 2011 by claiming that client-taxpayer H.W. had non-cash charitable contributions in the amount of $3,100. H.W. denied that her non-cash charitable contributions were of that amount and stated that they were in fact far less.



12.     On or about January 25, 2012, COLLINS falsely prepared and filed a tax return for tax year 2011 by claiming that client-taxpayer T.A. had self-employment income in the amount of $13,975. This amount purportedly represents the gross receipts less expenses from T.A.'s business. However, this specific amount was not based in fact as T.A. provided no supporting documentation regarding income or expenses to COLLINS. Additionally, the return does not state the nature of T.A.'s business, which is hairstyling and babysitting. Instead, it refers to the business as "private duty."

13.     On or about February 9, 2013, COLLINS falsely prepared and filed a tax return for tax year 2012 by claiming that client-taxpayer T.A. had self-employment income in the amount of $12,200. This dollar amount purportedly represents the gross receipts less expenses from T.A.'s business. However, this specific amount was not based in fact as T.A. provided no supporting documentation regarding income or expenses to COLLINS. Additionally, the tax return does not state the nature of T.A.'s business, which is hairstyling and babysitting. Instead, it refers to the business as "unnamed activity."

14.     By generating false tax returns that resulted in inflated returns, COLLINS knew that she was likely to receive repeat customers in following years.

15.     For the tax years 2011 and 2012, from in or about January 2012 through April of 2013, in the Eastern District of Virginia, COLLINS willfully assisted in the preparation of 7 false tax returns that were filed for 4 different clients resulting in a tax loss of approximately $25,491. COLLINS also willfully assisted in the preparation of other false tax returns during this time period resulting in an additional tax loss of approximately $74,000.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *Randy Stoker*

Randy Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331 Office
757-441-6689 Fax
randy.stoker@usdoj.gov



*United States v. Dytania Collins, 2:16cr135*

I am the attorney for defendant DYTANIA COLLINS.   Her decision to enter into this factual stipulation is knowing, intelligent, and voluntary, and is made with the advice of counsel.

_____
Wilfredo Bonilla, Esq.
Defense Counsel


I agree that the United States could prove the facts to which I have stipulated beyond a reasonable doubt at a trial in this matter and that my decision to enter into this stipulation is knowing, intelligent, and voluntary.

_____
DYTANIA COLLINS
Defendant

